# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFERSON ELECTRIC, Inc.,**

          Plaintiff,

                                **Case No. 09-C-465**

    -vs-

**ARTURO D. TORRES and**
**JORGE SELVERA RETA,**

          Defendants.

# DECISION AND ORDER

      This diversity action arises out of a purchase agreement between Jefferson Electric, Inc., a Wisconsin corporation, and Nexus Manufacturing, a Texas company. The property at issue in the contract is a membership interest in a Mexican corporation whose sole asset is a factory in Mexico. One of the defendants in this case, Jorge Selvera Reta ("Reta"), is a legal alien who periodically resides in Texas. The other defendant, Arturo Torres ("Torres"), is a Texas resident. Torres and Reta are the principals of Nexus, which is not a named defendant in this case but is currently in bankruptcy. Jefferson Electric brings claims for breach of warranty, breach of contract, misrepresentation and fraud. Torres and Reta move to dismiss for lack of personal jurisdiction and for improper venue. *See* Fed. R. Civ. P. 12(b)(2), 12(b)(3). For the reasons that follow, this matter is dismissed for lack of personal jurisdiction.

When a defendant challenges the Court's personal jurisdiction, the plaintiff bears the burden of demonstrating that the Court may exercise such jurisdiction. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The Court accepts all well-pleaded jurisdictional allegations in the complaint as true unless controverted by affidavit. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). If the defendant supplies affidavits challenging personal jurisdiction, the plaintiff must meet those assertions with affirmative evidence that supports the presence of jurisdiction. *See Purdue Research* at 783. In the absence of an evidentiary hearing, the Court resolves all relevant factual disputes in favor of the plaintiff, and the plaintiff need only make a "prima facie" showing that the Court may exercise personal jurisdiction. *Id.* at 782.

In a diversity case, the Court determines if the forum state could exercise personal jurisdiction over the defendants. *See Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986). In Wisconsin, this is a two-step inquiry. First, the Court determines if the defendants fall within the grasp of Wisconsin's long-arm statute, Wis. Stat. § 801.05. *See Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996). Then, "because Wisconsin presumes its long-arm statute merely codifies the federal due process requirements, the burden switches to [the defendants] to show that jurisdiction would nonetheless violate due process." *Id.* (internal citation omitted). Personal jurisdiction must be established separately with respect to each claim and each defendant. *See Beveridge v. Mid-West Mgmt., Inc.*, 78 F. Supp. 2d 739, 744 (N.D. Ill. 1999).

Jefferson Electric argues that the Court may exercise jurisdiction pursuant to § 801.05(1)(d), which provides for jurisdiction over any type of action against a defendant engaged in "substantial and not isolated activities within" the state of Wisconsin. This is Wisconsin's version of general jurisdiction. "General jurisdiction is proper when a defendant has 'continuous and systematic business contacts' with a state and it allows a defendant to be sued in that state regardless of the subject matter of the lawsuit." *Logan Prod.* at 52 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)); s*ee also Shepherd Inv. Int'l, Ltd. v. Verizon Comm'ns. Inc.*, 373 F. Supp. 2d 853, 861 (E.D. Wis. 2005)).

In the language of § 801.05(1)(d), a defendant has "substantial and not isolated" contacts with the state if he "solicit[s], create[s], nurture[s], or maintain[s], whether through personal contacts or long-distance communications, a continuing business relationship with anyone in the state." *Stauffacher v. Bennett*, 969 F.2d 455, 457 (7th Cir. 1992). However, to assert jurisdiction under § 801.05(1)(d), the defendant must be engaged in "substantial and not isolated activities" in Wisconsin *at the time the action was commenced. See Sub-Zero Freezer Co., Inc. v. R.J. Clarkson Co., Inc.*, 464 N.W.2d 52, 54 (Wis. Ct. App. 1990); § 801.05(1)(d). Jefferson Electric communicated back and forth with the defendants in Texas and Mexico in relation to the underlying purchase agreement, but when this lawsuit was filed, the defendants were no longer "nurturing or maintaining" a "continuing business relationship" with Jefferson Electric. Therefore, it is undisputed that the defendants were not

-3-

engaged in any activities in Wisconsin at the time this lawsuit was filed, much less activities that could be classified as "substantial and not isolated."

Next, Jefferson Electric argues that the Court can exercise jurisdiction over Torres and Reta pursuant to the contract provisions of the long-arm statute, § 801.05(5). Jefferson Electric relies upon § 801.05(5)(d), which provides for jurisdiction over any action which relates to "goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction." The only discernable "thing of value" shipped from Wisconsin to Texas was money, but "money payment" does not constitute a "thing of value" for purposes of 801.05(5)(c)-(e). *See Nagel v. Crain Cutter Co.*, 184 N.W.2d 876, 879 (Wis. 1971). Therefore, the Court may not assert jurisdiction pursuant to § 801.05(5)(d).

Lastly, Jefferson Electric argues that the Court can assert jurisdiction under § 801.05(3) (Local act or omission) and § 801.05(4)(a) (Local injury; foreign act). Jefferson Electric incorrectly assumes that these provisions apply to its contract claims, but they are tort provisions. *See Nagel* at 878. Nonetheless, the defendants fail to account for the presence of tort claims in Jefferson Electric's complaint, which relate to defendants' alleged misrepresentations in connection with the Jefferson Electric-Nexus business relationship. *See Schartner v. Nw. Int'l Equip. Co., Inc.*, 694 F. Supp. 1364, 1367 (E.D. Wis. 1988) (§ 801.05(4) may apply to a misrepresentation claim); *Fabry Glove and Mitten Co. v. Spitzer*, 908 F. Supp. 625, 629 (E.D. Wis. 1995) (§§ 801.05(3) and (4) arguably applicable to misrepresentation (i.e., tort) cause of action).

-4-

§ 801.05(3) provides for jurisdiction over "any action claiming injury to person or property within or without this state *arising out of an act or omission within this state by the defendant*" (emphasis added). Jefferson Electric's president avers that its claims are "based on breaches of warranties and representations made personally by the defendants both in the signed documents, personal discussions and documents delivered . . . here in Wisconsin." Neither the receipt of communications within Wisconsin from a remote defendant, nor the sending of communications from Wisconsin to a remote defendant, constitute acts or omissions within this state by that defendant. *See Pavlic v. Woodrum*, 486 N.W.2d 533, 536 (Wis. Ct. App. 1992) (two letters mailed from Florida to Wisconsin were not acts or omissions in Wisconsin); *Cram v. Med. Coll. of Wis.*, 927 F. Supp. 316, 320 (E.D. Wis. 1996) (two phone calls to Wisconsin from Massachusetts were not "acts or omissions within Wisconsin"); *Dietrich by Padway v. Wis. Patients Comp. Fund*, 485 N.W.2d 614, 618 (Wis. Ct. App. 1992) (defendant's receipt of telephone calls from Wisconsin insufficient to establish jurisdiction under § 801.05(3)). Therefore, Jefferson Electric's claims are not encompassed by § 801.05(3).

Nor can the Court assert jurisdiction under § 801.05(4). Under this subsection, the Court must find that there was an "act or omission outside the state by the defendant" and an "injury to person or property within the state which is claimed to arise out of the foreign act or omission." *Hous. Horizons, LLC v. Alexander Co., LLC*, 606 N.W.2d 263, 265 (Wis. Ct. App. 1999). Additionally, there must be "some additional contact, not necessarily related to the injury sued on, which links the defendant to the state." *Id.* This "additional contact"

must occur "at the time of the injury" and can be in the form of "solicitation or service activities . . . carried on within this state by or on behalf of the defendant." § 801.05(4)(a).

As noted, Jefferson Electric's tort claims are based upon the defendants' misrepresentations in relation to the purchase agreement between Jefferson Electric and Nexus Manufacturing. This presumably satisfies the first portion of the statutory inquiry – an "act or omission outside the state" and an "injury . . . within the state" which arises out of the foreign act. However, to the extent that there may have been additional "solicitation or service activities" outside of the sued-upon misrepresentations, § 801.05(4)(a) "is not satisfied when a defendant's contacts with Wisconsin are connected with a single, isolated transaction." *Hous. Horizons* at 266. To the contrary, a defendant must be "engaged in some type of regular, ongoing or repetitive activities in Wisconsin." *Id.* at 267. It is undisputed that the defendants work exclusively in Texas and Mexico and that they never set foot in Wisconsin. The parties' business relationship originated prior to the disputed transaction, but Jefferson Electric fails to make a prima facie showing that the defendants were engaged in repetitive, ongoing activities in Wisconsin contemporaneous to Jefferson Electric's alleged injury. Moreover, even if the defendants had repetitive contacts with Wisconsin, the only reasonable inference from the record before the Court is that those contacts would have been connected to the underlying transaction. Therefore, the Court cannot assert jurisdiction under § 801.05(4)(a).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Defendants' motion to dismiss [D. 4] is **GRANTED**; and

2. This matter is **DISMISSED** for want of personal jurisdiction.

Dated at Milwaukee, Wisconsin, this 10th day of December, 2009.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**